STEEL Los III, LP, et al., Appellants, v POWER AUTHORITY OF STATE OF NEW YORK, Respondent. [823 NYS2d 490]—

In an action, inter alia, to enjoin the defendant from condemning certain real property owned by the plaintiffs, the plaintiffs appeal, by permission, from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 13, 2005, which, in effect, denied preliminary injunctive relief on the ground that the court lacked jurisdiction.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits, and further proceedings in accordance herewith.

Generally, before a condemnor may acquire property, it must first obtain a determination, made pursuant to EDPL 204, that the proposed condemnation has an appropriate public purpose and, to that end, it must give notice and hold a public hearing (see EDPL 201, 202, 203). Where that procedure is followed, the condemnee is allowed only 30 days within which to commence a proceeding in the Appellate Division for review of the condemnor's determination (see Matter of City of New York [Third Water Tunnel, Shaft 30B], 6 NY3d 763 [2006]). Where, however, a condemnor proceeds under one of the exemptions provided in

EDPL 206, and therefore claims that it is not required to comply with the foregoing notice, hearing, and determination requirements, a condemnee may, unless otherwise provided by statute, challenge the applicability of the claimed exemption in the Supreme Court because original jurisdiction to review a claimed exemption is not specifically conferred by statute upon the Appellate Division (*see* EDPL 204, 206, 207; *Matter of City of New York [Third Water Tunnel, Shaft 30B], supra; see also* L 1982, ch 356, § 6 [amending EDPL 207 (C) (3)]), and the EDPL is otherwise silent on the issue of jurisdiction for such judicial review. In such instances, the general rule applies that "a person aggrieved by an administrative agency's determination must challenge that decision by initiating a timely article 78 proceeding in the Supreme Court" (*Matter of City of New York [Third Water Tunnel, Shaft 30B], supra; see also* CPLR 7801). Thus, the Supreme Court erred in finding that it lacked jurisdiction to determine the plaintiffs' claims.

Accordingly, we remit the matter to the Supreme Court, Nassau County, for further proceedings, including, as appropriate, conversion of this action into a special proceeding (*see* CPLR 103 [c]).

The defendant's remaining contentions are without merit. Florio, J.P., Adams, Luciano and Fisher, JJ., concur.